UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMARA SWIANTEK on behalf of M.L.S.,

Plaintiff,

**Hon. Hugh B. Scott**

v.                                   12CV1030A

**Report
and
Recommendation**

CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],

Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings

(Docket Nos. 12[2] (defendant Commissioner), 13[3] (plaintiff)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled

to disability insurance benefits and/or Supplemental Security Income benefits.

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social
Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Ms. Colvin is substituted for
now former Commissioner Michael J. Astrue as Defendant in this action; no further action is
required, 42 U.S.C. § 405(g).

[2]In support of her motion, defendant Commissioner submits the administrative record; her
Memorandum of Law, Docket No. 12; and Reply Memorandum, Docket No. 16.

[3]In support her motion, plaintiff submits her Memorandum of Law, Docket No. 13, and
her Reply Memorandum, Docket No. 17.

## PROCEDURAL BACKGROUND

The plaintiff, Tamara Swiantek ("plaintiff") on behalf of M.L.S. (the "claimant"), filed an application for disability insurance benefits on October 28, 2009. That application was denied initially and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case <u>de novo</u> and concluded, in a written decision dated August 15, 2011, that the claimant was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on August 30, 2012, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on October 25, 2012 (Docket No. 1). The parties moved for judgment on the pleadings (Docket No. 13, plaintiff; Docket No. 12, defendant). The motions were submitted on papers on August 30, 2013 (Docket Nos. 8, 11).

## FACTUAL BACKGROUND[4]

Claimant was born on January 3, 1996, and was thirteen years old when plaintiff applied on claimant's behalf (R. 24). Plaintiff is claimant's mother. Claimant allegedly had attention deficit hyperactivity disorder ("ADHD"), bipolar disorder, mixed; plaintiff also claimed that claimant had hysteria (R. 163, 24), otitis externa and bilateral chemical conjunctivitis due to being pepper sprayed (R. 217, 24), but the ALJ did not find that claimant suffered from any of these ailments for at least twelve months (R. 24).

---

[4] References noted as "(R.__)" are to the certified record of the administrative proceedings.

**MEDICAL AND VOCATIONAL EVIDENCE**

Claimant did not engage in substantial gainful activity (R. 24). The ALJ found that claimant had severe impairments for ADHD and bipolar disorder, mixed (R. 24), but considering the listings for mood disorders[5] and ADHD[6], the ALJ found that claimant did not meet or equal these listings (R. 24-35). The ALJ found that claimant had a marked impairment only in age-appropriate social functioning for ADHD (R. 25, 24), marked limitation in interacting and relating with others (R. 33). Plaintiff argues that the ALJ did not recognize claimant's marked limitation in caring for self (Docket No. 13, Pl. Memo. at 8; cf. R. 34-35).

The ALJ found that claimant "has not generally received the type of medical treatment one would expect for a totally disabled individual" (R. 30).

**DISCUSSION**

The only issue to be determined by this Court is whether the ALJ's decision that the claimant was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when she is unable "to engage in any substantial gainful activity by reason of any

---

[5]20 C.F.R. part 404, subpart P, Appx. 1, Listing 112.04.

[6]20 C.F.R. part 404, subpart P, Appx. 1, Listing 112.11.

3

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A claimant under 18 years of age, such as the claimant here, is "disabled" under the Social Security Act if she has a medically determinable physical or mental impairment (or combination of impairments) that result in "marked and severe functional limitations," and the impairment or impairments must have lasted or expect to last for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C). Under the regulations for this standard, the claimant child must show that she is not working, that she has a "severe" impairment or combination of impairments, and that her impairment or combination of impairments was of listing-level severity, that is met, medically equaled, or functionally equaled the severity of listed impairments, 20 C.F.R. § 416.924. Functional equivalence of limitations, in turn, are evaluated on six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being, id. § 416.926a(b)(1)(i)-(vi). Marked limitations in two domains of functioning or an extreme limitation in one domain constitutes a functional equivalent to a listed impairment, id. § 416.926a(a). Each domain is evaluated on whether the claimant has no limitation, is less than marked, marked, or extreme.

For medical equivalence to be met, however, the impairment must be equal in severity and duration to the listed findings in the Social Security regulations, id. § 416.926(a). Medical equivalence is determined only upon medical evidence, id. § 416.926(b).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or

her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that her impairment prevents her from returning to his/her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing her past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.

1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work she has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the issues are whether claimant was disabled for twelve months to qualify under the regulations. In particular, whether there were marked limitations in at least two domains (acquiring and using information; attending and completing tasks; interacting and relating with other; moving about and manipulating objects; caring for self; health and physical well being) or extreme limitation in any one domain. For claimant's ADHD, plaintiff needs to show two marked limitations in age-appropriate social functioning (which the ALJ found, R. 24-25); age-appropriate cognitive functioning; social functioning; marked difficulties in maintaining concentration, persistence or pace.

Plaintiff argues that the ALJ should have found claimant's impairments to functionally meet or equal the regulatory listings (Docket No. 13, Pl. Memo. at 1, 8-11; Docket No. 17, Pl. Reply Memo. at 1-3). Plaintiff next asserts that the ALJ failed to meet his duty to develop the record that permitted a gap to prejudice claimant (Docket No. 13, Pl. Memo. at 1, 11-12). Finally, plaintiff argues that the ALJ erred in finding plaintiff not to be credible (id. at 1, 12-13; cf. R. 29).

I.      Listing

Plaintiff argues that claimant has a marked limitation in caring for self (Docket No. 17, Pl. Reply at 1) one of two limitations to achieve the listing for disability. Defendant responds that substantial evidence supports the ALJ's findings (Docket No. 16, Def. Reply Memo. at 1-2; Docket No. 12, Def. Memo. at 15; R. 125). Although (as plaintiff notes, Docket No. 17, Pl. Reply Memo. at 2; cf. R. 33, 125) the ALJ did not accept the finding of claimant's teacher, Mr. Mecca, the ALJ found that there was no mental impairment associated with claimant's behavior–walking out of classes, altercations, ultimately psychiatric emergency–that could be seen as showing limits on her ability to car for herself. Plaintiff has not shown evidence of areas of caring for herself recognized by the Social Security Administration as age-appropriate activities, including maintaining personal hygiene, undisturbed eating and sleeping patterns (see R. 34; 20 C.F.R. § 416.926a(k)(3)).

II.     ALJ to Develop Record

Plaintiff next complains that there are no medical opinions about claimant's limitations in the ADHD domains (Docket No. 13, Pl. Memo. at 11-12). Commissioner responds that the ALJ had Dr. Ryan, as an examining source, claimant's medical and school records, and no gaps in the

7

considered record (Docket No. 16, Def. Response at 3 & n.1). The record plaintiff points to supporting requesting opinions of counselor and physician were part of the medical record the ALJ actually considered (R. 269-77).

III.     Plaintiff's Credibility

Plaintiff testified about claimant's condition (R. 29). Plaintiff concludes that the ALJ erred in discounting plaintiff's testimony (Docket No. 13, Pl. Memo. at 11-13). Defendant replies that the ALJ found that claimant and plaintiff testified "somewhat consistently with the record" but they alleged more severe problems than the record established (Docket No. 16, Def. Reply Memo. at 3). Claimant had relationship problems with plaintiff and these were manifested in the ailments claimant and plaintiff now claim for a disability. The ALJ properly concluded that the plaintiff claimed that claimant had more severe problems than the rest of claimant's record indicates. The ALJ accepted plaintiff and claimant's testimony but just concluded that claimant was not disabled.

IV.     Summary

Plaintiff's objections to the findings of the ALJ should be **rejected** and the Commissioner's decision should be **affirmed**.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **AFFIRMED**. Defendant's motion for judgment on the pleadings (Docket No. 12) should be **granted** and plaintiff's motion for similar relief in her favor (Docket No. 13) should be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within fourteen (14) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a). <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

9

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
October 30, 2013